UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 3:14-CR-10 |
| | ) | Judge Phillips |
| RICHARD JOE PRUITT | ) | |

# **MEMORANDUM AND ORDER**

The defendant has filed a pro se motion seeking relief under the First Step Act [Doc. 40]. Specifically, the defendant asks for the appointment of counsel to "see if anything from the 'First Step Act' will grant me any relief off of my 168 month term of imprisonment."

On August 17, 2015, the defendant was sentenced to a term of imprisonment of 168 months, to be followed by a five-year term of supervised release, for the following offenses: (1) possession with intent to distribute marijuana (Count One), in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(D); (2) possession of a firearm in furtherance of a drug trafficking crime (Count Two), in violation of 18 U.S.C. § 924(c); (3) knowingly transferring a firearm not registered to him (Count Four), in violation of 26 U.S.C. §§ 5841, 5871; and (4) possessing stolen firearms (Count Eight), in violation of 18 U.S.C. § 922(j) [Doc. 30].

The First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194 ("the Act") was signed into law on December 21, 2018. The Act implements certain reforms to the criminal justice system, including sentence modification for some defendants. This Court's

Standing Order SO-19-01, filed on February 19, 2019, directs Federal Defender Services of Eastern Tennessee ("FDSET") to identify and evaluate all cases that may be impacted by Section 404 of the Act. The Standing Order further provides that counsel will be appointed for persons who FDSET determines may qualify for Section 404 relief. Therefore, defendant's motion for sentence reduction [Doc. 40] is **DENIED without prejudice** and defendant's request for appointment of counsel is **DENIED as moot.**

Beyond Section 404, this Court cannot and will not instruct the defendant as to whether any other provision of the Act "will grant [him] any relief." While *pro se* filings are to be liberally construed, liberal construction "has limits. Liberal construction does not require a court to conjure allegations on a litigant's behalf, … and a pleading must provide notice to the opposing party of the relief sought." *Erwin v. Edwards*, 22 F. App'x 579, 580 (6th Cir. 2001) (citations omitted).

For all of these reasons, the defendant's motion [Doc. 40] is **DENIED**.

IT IS SO ORDERED.

      s/ Thomas W. Phillips
    SENIOR UNITED STATES DISTRICT JUDGE