`UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) NO. 3:14-CR-10 |
| | ) |
| RICHARD JOE PRUITT | ) |

## MEMORANDUM AND ORDER

This matter is before the court on defendant's pro se motion for compassionate relief pursuant to 18 U.S.C. § 3582(c)(1)(A) [Doc. 42]. In support of his motion, defendant states he needs "to protect himself from the spread of the novel coronavirus 2019 (COVID-19)." Defendant is imprisoned at the low security institution at Butner, North Carolina. He states that he lives in an open dorm that makes social distancing impossible and the spread of the coronavirus "inevitable." *Id.*

On August 17, 2015, defendant was sentenced to a term of imprisonment of 168 months, followed by a five-year term of supervised for the following offenses: (1) possession with intent to distribute marijuana, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(D); (2) possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c); (3) knowingly transferring a firearm not registered to him, in violation of 26 U.S.C. §§ 5841 and 5871; and (4) possessing stolen firearms, in violation

of 18 U.S.C. § 922(j) [Doc. 30]. He is scheduled for release from the Bureau of Prisons on May 15, 2027.

Defendant moves for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i). this section allows district courts to consider prisoner motions for sentence reduction upon a finding of "extraordinary and compelling reasons." Such motions cannot be entertained by a district court until "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A).

Here, defendant fails to show that he has requested compassionate release from the Warden at Butner or that his request has been denied by the Warden. Thus, defendant has not complied with the requirement that he exhaust his administrative remedies with the BOP. The BOP has outlined the administrative appeal process. *See* Program Statement No. 5050.50, *Compassionate release/Reduction in Sentence: Procedures for implementation of 18 U.S.C. § 3582 and 4205(g) (Jan. 17, 2019),* https://www.bop.gov/policy/progstat/5050_050_EN.pdf. The BOP Program Statement explains that a prisoner seeking a compassionate release must first file a request with the warden asking the BOP to move for compassionate release on the prisoner's behalf. *See id.* at 3 (citing 28 C.F.R. § 571.61). If that request is denied, the prisoner must appeal the denial through the BOP's Administrative Remedy Procedure. *See id.* at 15 (citing 28 C.F.R. § 571.63).

2

Even during the COVID-19 pandemic, the exhaustion requirement of § 3582(c)(1)(A) cannot be summarily disregarded. *See United States v. Alam,* 2020 WL 2845694 (6th Cir. Jun. 2, 2020) ("Because this exhaustion requirement serves valuable purposes (there is no other way to ensure an orderly processing of applications for early release) and because it is mandatory (there is no exception for some compassionate release requests over others), we must enforce it"). Consequently, the Court cannot weigh the merits of defendant's motion for compassionate release until the exhaustion requirement of § 3582(c)(1)(A) is fully satisfied.

While it sympathizes with the defendant's concerns, the Court lacks authority to consider the present motion. Accordingly, defendant's motion for compassionate relief [Doc. 42] is **DENIED without prejudice**.

The Clerk is directed to send a copy of this Memorandum and Order to Richard Joe Pruitt, #47304-074, Low Security Correctional Institution, P.O. Box 999, Butner, North Carolina 27509.

**IT IS SO ORDERED.**

_____
**CHIEF UNITED STATES DISTRICT JUDGE**