UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

UNITED STATES OF AMERICA,       )
                                )
                Plaintiff,      )
                                )
v.                              )       No.:    3:14-CR-10-TAV-CCS
                                )
RICHARD JOE PRUITT,             )
                                )
                Defendant.      )


## MEMORANDUM OPINION AND ORDER

This matter is before the Court on defendant's pro se motion for compassionate release [Doc. 44]. The United States has filed a response in opposition [Doc. 46] and Federal Defender Services of East Tennessee has filed a notice indicating it will not be supplementing defendant's motion [Doc. 45]. The matter is now ripe for adjudication. For the reasons set forth more fully below, defendant's motion for compassionate release will be **DENIED**.

## I.    Background

On August 17, 2015, defendant was sentenced to a term of imprisonment of 168 months followed by a five-year term of supervised release, after pleading guilty to the following offenses: (1) possession with intent to distribute marijuana, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(D); (2) possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c); (3) knowingly transferring a firearm not registered to him, in violation of 26 U.S.C. §§ 5841 and 5871; and

(4) possessing stolen firearms, in violation of 18 U.S.C. § 922(j) [Doc. 30]. Defendant is scheduled for release from the Bureau of Prisons on May 15, 2027. Inmate Locator, Federal Bureau of Prisons, https://www.bop.gov/inmateloc/ (last visited September 3, 2021).

Defendant is housed at FCI Butner Low, which currently has no active cases of COVID-19 among the inmates, no active cases among the staff, and no inmates awaiting the results of an administered COVID-19 test. COVID-19 Cases, Federal Bureau of Prisons, https://www.bop.gov/coronavirus/ (last visited September 3, 2021). At FCC Butner, which includes FCI Butner Low, 2,660 inmates and 897 staff have been vaccinated fully against COVID-19. *Id.* Defendant is twenty-nine (29) years old, and the Bureau of Prisons classifies defendant as "CARE1" [Doc. 46-1], a category for inmates that are "healthy" or require "simple chronic care" [*Id.*].

## II. Legal Standard

A court generally lacks "the authority to change or modify [a sentence, once imposed,] unless such authority is expressly granted by statute." *United States v. Thompson*, 714 F.3d 946, 948 (6th Cir. 2013) (citing *United States v. Curry*, 606 F.3d 323, 326 (6th Cir. 2010)). The First Step Act of 2018's amendment of § 3582(c)(1)(A) revised one such exception. First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194, 5239 (2018). Prior to the First Step Act, a district court could grant relief under § 3582(c)(1)(A) only on motion of the Director of the Bureau of Prisons. Now a court may modify a defendant's sentence upon a motion by a defendant if the defendant has exhausted all

2

administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or after the lapse of thirty (30) days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier. 18 U.S.C. § 3582(c)(1)(A).

If the defendant surmounts this preliminary hurdle, the Court may grant a sentence reduction "after considering the factors set forth in section 3553(a) to the extent that they are applicable" if it finds:

> (i) extraordinary and compelling reasons warrant such a reduction; or

> (ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g);

> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission . . . .

*Id*.

If the exhaustion requirement is satisfied, courts must then follow the statute's three-step test:

> At step one, a court must "find[ ]" whether "extraordinary and compelling reasons warrant" a sentence reduction. At step two, a court must "find[ ]" whether "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." The Commission's policy statement on compassionate release resides in U.S.S.G. § 1B1.13. Thus, if § 1B1.13 is still "applicable," courts must "follow the Commission's instructions in [§ 1B1.13] to determine the prisoner's eligibility for a sentence modification and the extent of the reduction authorized." At step three, "§ 3582(c)[(1)(A)] instructs a court to consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction authorized by [steps one and two] is warranted in whole or in part under the particular circumstances of the case."

3

*United States v. Jones*, 980 F.3d 1098, 1107-08 (6th Cir. 2020) (internal citations omitted). "In cases where incarcerated persons [as opposed to the Bureau of Prisons] file motions for compassionate release, federal judges may skip step two of the § 3582(c)(1)(A) inquiry and have full discretion to define 'extraordinary and compelling' without consulting the policy statement § 1B1.13." *Id.* at 1111. In considering a compassionate release motion, "district courts may deny compassionate release motions when any of the three prerequisites listed in § 3582(c)(1)(A) is lacking and do not need to address the others" but must "address all three steps" if granting such a motion. *United States v. Elias*, 984 F.3d 516, 519 (6th Cir. 2021).

## III.    Analysis

### A.    Section 3582(c)(1)(A)'s Preliminary Threshold to Relief: Exhaustion

The Court examines first whether defendant has satisfied § 3582(c)(1)(A)'s exhaustion requirement, which is a mandatory prerequisite to consideration of a compassionate release request on the merits. *United States v. Alam*, 960 F.3d 831, 833–34 (6th Cir. 2020). "When 'properly invoked,' mandatory claim-processing rules 'must be enforced.'" *Id.* at 834 (quoting *Hamer v. Neighborhood Hous. Servs. of Chi.*, 138 S. Ct. 13, 17 (2017)). The only exceptions to such a mandatory claim-processing rule are waiver and forfeiture. *Id.* (citing *United States v. Cotton*, 535 U.S. 625, 630 (2002)).

The United States concedes that defendant has exhausted his administrative remedies [Doc. 46, p. 1]. Thus, the Court may consider the merits of defendant's request.

4

## B. Extraordinary and Compelling Reasons

As noted above, the Court need not consider all three statutory prerequisites if any one would serve as a basis for denial. *Elias*, 984 at 519. In this instance, the Court finds that defendant has not established extraordinary and compelling reasons for compassionate release. In reaching this decision, the Court recognizes that it has discretion to determine what constitutes extraordinary and compelling reasons. *United States v. Jones*, 980 F.3d 1098, 1111 (6th Cir. 2020).

Defendant contends that compassionate release is appropriate because of the ongoing COVID-19 pandemic [Doc. 44, p. 1]. Defendant avers that he lives "in an open dorm" that holds three inmates in a space that is "no more than 12 by 8 feet in size," making "social distancing [] impossible" [*Id.*]. While the United States concedes that "a severe COVID-19 outbreak" occurred at defendant's facility in June 2020 [Doc. 46, p. 9], this facility currently has no confirmed COVID-19 cases among the inmates or staff. COVID-19 Cases, Federal Bureau of Prisons, https://www.bop.gov/coronavirus/ (last visited September 3, 2021). Additionally, no inmates are currently awaiting the results of a COVID-19 test. *Id.*

Defendant does not indicate that he suffers from any medical conditions that would place him at increased risk from COVID-19 [Doc. 44], and the Bureau of Prisons classifies defendant as "CARE1" [Doc. 46-1], a category for inmates that are "healthy" or require "simple chronic care" [*Id.*]. This category includes inmates that are "less than 70 years of age and are generally healthy," although these inmates "may have limited medical needs

5

that can be easily managed by clinician evaluations every 6-12 months." Care Level Classification for Medical and Mental Health Conditions or Disabilities, Federal Bureau of Prisons, https://www.bop.gov/resources/pdfs/care_level_classification_guide.pdf (last visited September 3, 2021).

The Court does not find defendant's generalized concerns about COVID-19 persuasive, especially when the facility from which defendant seeks to be released currently has no COVID-19 cases among either the inmates or staff. COVID-19 Cases, Federal Bureau of Prisons, https://www.bop.gov/coronavirus/ (last visited September 3, 2021). There is no indication defendant suffers from a medical condition that would place him at greater risk from COVID-19. In the absence of a medical condition that places defendant at a higher risk and in consideration of the total lack of COVID-19 cases at defendant's facility, the Court finds that the threat caused by the ongoing pandemic is insufficient, on its own, to mandate compassionate release.

Ongoing vaccination efforts of the Bureau of Prisons further diminish the risk defendant faces from COVID-19, as the Bureau of Prisons has vaccinated 2,660 inmates and 897 staff fully against COVID-19 at FCC Butner. COVID-19 Cases, Federal Bureau of Prisons, https://www.bop.gov/coronavirus/ (last visited September 3, 2021). The number of vaccinations among the inmates at FCC Butner has increased by over 40% since March 26, 2021 [Doc. 46, p. 3].

Accordingly, based on the record before it, the Court finds that defendant has not satisfied the extraordinary and compelling requirement needed for compassionate release, and his motion for compassionate release will be **DENIED**.

## IV. Conclusion

For the reasons set forth more fully above, defendant's motion for compassionate release [Doc. 44] is **DENIED.**

IT IS SO ORDERED.

<u>s/ Thomas A. Varlan</u>
UNITED STATES DISTRICT JUDGE